## STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 69-6-19 Vtec

---

Zlotoff Foundation Inc. NOV (2)

---

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Notice of Violation (69-6-19 Vtec)

Title:              Motion to Consolidate (Motion 7)

Filer:              Town of South Hero

Attorney:       William Andrew MacIlwaine

Filed Date:     February 26, 2020

Response in opposition filed on 03/11/2020 by Attorney James F. Conway for the
          Zlotoff Foundation, Inc.

Reply filed on 03/27/2020 by Attorney William Andrew MacIlwaine for the Town of South Hero

**The motion is GRANTED.**

In this matter, Appellant Zlotoff Foundation, Inc. ("Appellant" or "Foundation") appeals a decision of the Town of South Hero Development Review Board ("DRB") denying its appeal of two municipal Notices of Violation ("NOVs") issued to the Foundation by the Town of South Hero ("Town") Zoning Administrator.  The Town asserts in various filings that it issued the NOVs to the Foundation and to another entity, AIR Development, LLC ("AIR"), which owns the property at issue in one of the NOVs.  The Town has filed a separate action against both the Foundation and AIR, seeking to enforce the same NOVs and to prosecute the alleged violations which are the subject of this appeal.  *See* Town of South Hero v. AIR Development, LLC, No. 17-2-20 Vtec. Presently before the Court is the Town's motion to consolidate this appeal (Docket No. 69-6-19 Vtec) with the enforcement action (Docket No. 17-2-20 Vtec).

The Town's motion is titled a "Motion to Consolidate," however it is made pursuant to V.R.E.C.P. 2(b) which governs the coordination of proceedings before the Environmental Division. *See* Appellee Town of South Hero's Motion to Consolidate at 1–2, filed Feb. 26, 2020; V.R.E.C.P. 2(b).  Therefore, we treat the Town's motion as a motion to coordinate.  *See* Appellee Town of South Hero's Reply in Support of Motion to Consolidate, filed Mar. 27, 2020 ("As set forth in the Town's motion, coordination of the two actions makes sense . . . .").  Pursuant to V.R.E.C.P. 2(b):

"On the motion of a party, or on the court's own motion, where the same violation or project involves multiple proceedings that have resulted or may result in

separate hearings or appeals in the Environmental Court, or where different violations or projects involve significant common issues of law or fact, the court may . . . coordinate . . . proceedings and may make other orders that will promote expeditious and fair proceedings and avoid unnecessary costs or delay.

This rule provides "a flexible case management tool, allowing us to coordinate the conferences and hearings for multiple [proceedings] concerning the same project" or violation. *See* In re McCullough Crushing, Inc., Nos. 179-10-10 Vtec and 3-1-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. June 27, 2013) (Walsh, J.) (quotation omitted). The Town argues that coordination is appropriate because the two matters involve the same NOVs and properties, along with "virtually the same factual background, witnesses, and evidence." Appellee Town of South Hero's Motion to Consolidate at 2. The Town also notes that coordination would promote efficiency for the parties and the Court. The Foundation opposes true consolidation of the matters, which "involves the substitution of a single docket number for multiple actions, concludes with a single ruling, and requires the parties' consent." In re Allen Road Land Co., Nos. 62-4-11 Vtec and 63-4- 11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. July 6, 2011) (Durkin, J.) However, the Foundation takes no position as to coordination.

We agree with the Town that the overlap between these two matters weighs in favor of coordination. Both cases involve the same alleged violations and the same properties. The Foundation and the Town are parties to both cases, and there will be significant common issues of law and fact related to the enforceability of the NOVs. Coordination may help to expedite the resolution of these matters and prevent unnecessary cost or delay.

For the foregoing reasons, we conclude that coordination is appropriate, and we **GRANT** the Town's motion to the extent it seeks coordination pursuant to V.R.E.C.P. 2(b). We note that the two matters remain under separate docket numbers and may be the subject of separate merits decisions if the Court finds that independent determinations would further the interest of judicial efficiency.

**So Ordered.**

Electronically signed on July 27, 2020 at Newfane, Vermont pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Brian P. Monaghan (ERN 1186) and James F. Conway, III (ERN 8706), Attorney for Appellant Zlotoff Foundation, Inc.
William Andrew MacIlwaine (ERN 3436), Attorney for Interested Person Town of South Hero
Brian P. Monaghan (ERN 1186), Attorney for Petitioner to Intervene AIR Development, Inc.